Carlos **HERNANDEZ–AMAYA**, a.k.a
Carlos Hernandez, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney
General, Respondent.

No. 07–74481.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Decided April 14, 2010.

Mario Acosta, Jr., Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan Houser, Justin Robert Markel, Leah V. Durant, Esquire, DOJ—U.S. Department Of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Hernandez–Amaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hernandez–Amaya's motion to reopen because the motion was filed more than two years after the BIA's January 6, 2005, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Hernandez–Amaya failed to demonstrate that he acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir.2007) (limita-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions period may be tolled until petitioner "definitively learns" of counsel's defectiveness).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

We lack jurisdiction to review Hernandez–Amaya's remaining contention because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.